PEOPLE *ex rel.* HEFFERON *v.* McCLAVE *et al.*

(*Supreme Court, General Term, First Department.* June 6, 1890.)

</div>

MUNICIPAL CORPORATIONS—DISMISSAL OF POLICEMAN.

> Relator was dismissed from the police force on the charge of being intoxicated at his residence. A physician who attended him at the time in question testified that relator told him that he had been drinking a little too much, and that relator's breath smelt strongly of alcohol. But relator testified that he told the physician that he had taken brandy and oil, and the testimony of several other witnesses was to the effect that he had taken brandy and oil for cramps. There was no evidence that he was in the habit of drinking liquor. *Held*, that the dismissal could not be sustained.

*Certiorari* to police commissioners.

Proceedings on the relation of John M. Hefferon to review the action of the police commissioners of the city of New York in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator. *William H. Clark,* (*John J. Delany,* of counsel,) for respondents.

DANIELS, J. By the specification of the charge, it was stated that the officer was unfit for duty at his residence by reason of alcoholism on the evening of September 25, 1889; and Surgeon Dexter testified that he aroused him, and asked him what he reported sick for, and that, after a little hesitation, he answered that he had been drinking a little too much, and knew that where he was was a better place for him than on patrol, and that he could not then do duty; that he smelt his breath, and it seemed to be strong of alcohol. He testified, further, that he was coming out of it, but was still unfit for duty; that he inquired of him if he could go on duty the next morning, and his reply was: "No; I want to to-morrow night." The case in this manner made out was not advanced or strengthened by any other evidence upon the hearing; and the officer testified that the statement made by him was that he took brandy and oil after arriving at his home. But, while the surgeon stated that the relator had not put it in this form in their interview, still this was

probably the truth; for Roundsman Deeves, who saw him in the afternoon, said that his face was then flushed, and he spoke dull, and he thought him under the influence of liquor; added that he called upon him in the evening, and was informed by the woman at the door that she had given him oil and brandy for cramps. And Patrolman Kivlen testified that in the afternoon his nose was bleeding, and he did have cramps, and he covered his post for him while he went to the drug-store. And Bridget Walsh, in her evidence, said that the officer's wife asked her to stay there until she went to the station-house, and that he had cramps, and that she herself went, and brought brandy and five cents' worth of castor oil, and gave him the two together; that this was about half-past 7 o'clock, and she remained there until his wife returned. Patrolman Crosset confirmed the fact that the officer was unwell about 4 o'clock in the afternoon. And there was no evidence that he was addicted to drinking spirituous liquor. The witness Deeves also testified that he brought Dr. Steinert to the officer after he had first seen him at his house, and the doctor pronounced him perfectly sober. The doctor, in his evidence, said that he roused the officer, and he was all right, and sensible in his speech. This was about 40 minutes after 9, and before the officer was seen by Dr. Dexter, which was about 10 minutes after 10. The very decided probability from the evidence is that the officer was unwell, that he took what he drank as a medicinal remedy, and that it had not produced the effects when Dr. Steinert visited him which it had at the later hour referred to by Dr. Dexter. The whole case is therefore clearly reconcilable with the presumption of innocence existing in favor of the accused, and he should not have been removed. On this evidence the verdict of a jury against him would not be allowed to stand. And the decision of the commissioners should be reversed, and the officer restored to his position on the force. All concur.